ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Jul-28  12:31:46
60CV-23-5460
C06D16 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

**DENISE TRAYLOR**                                                                 **PLAINTIFF**

v.                                 CASE NO. _____

**BOULDER SHORES, LLC;**
**JOHN DOES 1-3; AND JOHN**
**DOE ENTITIES 1-3**                                                              **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, Denise Traylor, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I.   RESIDENCY & PARTIES

1. Plaintiff Denise Traylor ("Plaintiff") was at all times relevant a citizen and resident of Alexander, Pulaski County, Arkansas.

2. Defendant Boulder Shores, LLC, ("Boulder Shores") is a foreign limited liability company organized under the laws of Tennessee. Boulder Shores' can be served with service of process through its Registered Agent, Brandon Cooper, at its principal place of business is located at 5690 N. Angela Rd. Memphis, Tennessee 38120.

3. Upon information and belief, Defendant Boulder Shores owns, manages, and maintains a rental house along Greers Ferry Lake in Cleburne County, Arkansas, with the precise address of the house being 1265 Lakefront Rd., Quitman, Arkansas 72131.

4. Upon information and belief, at all relevant times, Defendant Boulder Shores, through its employees and/or agents, advertised the subject house for rent to the general public through various rental websites and agencies.

5. The true names and capacities of Defendants John Does 1-3 and Defendant John Doe Entities 1-3 are unknown to Plaintiff, who therefore sues said Separate Defendants under these fictitious names. On information and belief, John Does 1-3 and John Doe Entities 1-3 (I) are directly associated with the wrongful acts and omissions described herein, although the full extent of its involvement is unknown at this time, OR (II) conspired with the named parties in this case in the performance of the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR, (III) acted as principals or agents, actual or ostensible, or other named parties in this case associated with the wrongful acts and omissions described below, although the full extent of their involvement is not known at this time. Plaintiff thus believes that John Does 1-3 and John Doe Entities 1-3, are liable for the damages and for other relief sought in this case as participants, co-conspirators, principals, principals or agents, or are otherwise necessary or indispensable party to the adjunction of the issues involved in this case. When the true names and capacities of John Does 1-3 and John Doe Entities 1-3 have been ascertained, appropriate amendments of this Complaint will be filed.

6. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Ark. Code Ann. § 16-56-125, attesting that the identities of John Does 1-3 and John Doe Entities 1-3 are unknown, and it is attached hereto as Exhibit A.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury, in the county where the person injured resided at the time of the injury, or in the county where a defendant entity had its principal office in the state.

## III.   BASIC PREMISE

9. The incident giving rise to this cause of action occurred at Defendants' rental house on Greers Ferry Lake located at 1265 Lakefront Rd. Quitman, Arkansas 72131.

10. This is a negligence action which arises from personal injuries sustained on the subject premises that occurred on or about September 3, 2022.

## IV.   FACTS

11. On or about September 2, 2022, Plaintiff, along with family members, traveled to Defendants' rental house at 1265 Lakefront Rd. Quitman, Arkansas 72131, to stay for the weekend at the lake.

12. Defendant Boulder Shores, through its employees and/or agents, owned, operated, and maintained a lake house as a rental property which included an outdoor staircase for renters to use to walk down to the shore of the lake.

13. Defendant Boulder Shores' employees and/or agents maintained the outdoor staircase at the time of Plaintiff's incident.

14. Renters of Defendant Boulder Shores' rental house, including Plaintiff, were allowed to use Defendant's outdoor staircase to gain access to the shore of the lake.

15. Renters of Defendant Boulder Shores' rental house are at all times invitees of Defendant Boulder Shores.

16. On September 3, 2022, Plaintiff used the outdoor staircase to walk to the lake shore.

17. As Plaintiff began walking down the outdoor stairs, she stepped on a stair tread that sank as she stepped on it which caused her to fall down the stairs.

18. Upon information and belief, the hazardous stair tread was loose, rotten, and/or improperly installed.

19. As a result of the fall, Plaintiff sustained severe damages and injuries, primarily to her left ankle and leg which required surgery.

20. The hazardous stair tread on the outdoor stairs was a hazardous condition to invitees on the premises using the stairs.

21. It was reasonably foreseeable renters of the subject house would use the outdoor stairs leading down to the lake.

22. At the time of the incident, Defendants did not make any efforts to fix the hazardous stair tread, guard renters from using the hazardous stair tread, or give or post any warning signs to alert renters of the hazard.

## V.   CAUSES OF ACTION – NEGLIGENCE

23. Defendants Boulder Shores, John Does 1-3, and John Doe Entities 1-3 maintained the premises through their employees and/or agents. Defendants through their employees and/or agents, acting the in course and scope of their employment/agency, owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition.

24. The Defendants and their employees and/or agents, acting in the course and scope of their employment/agency, were negligent in that they failed to use ordinary and reasonable care to maintain the premises in a reasonably safe condition.

25. The Defendants and their employees/agents were negligent in that they failed to keep the outdoor stairs in good condition and free from hazards such as the defective stair tread board. Defendants and their employees/agents thereby created a hazardous condition on the outdoor stairs for renters.

26. The Defendants and their employees/agents were negligent in that they failed to properly inspect the stair treads to ensure they were reasonably safe for renters to use.

27. The Defendants and their employees/agents were negligent in that they failed to provide Plaintiff a written or verbal warning so she could avoid the hazardous stair tread.

28. The Defendants' employees'/agents' negligent acts and omissions are imputed to Defendants Boulder Shores, John Does 1-3, and John Doe Entities 1-3, their employers/principals under the legal doctrines of *respondent superior* and vicarious liability.

### VI. PROXIMATE CAUSATION

29. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

30. The injury to Plaintiff and the damages suffered by her were directly and proximately caused by the negligence of the Defendants and their employees and/or agents.

### VII. INJURIES AND COMPENSATORY DAMAGES

31. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

32. Plaintiff sustained personal injuries and damages that were proximately caused by Defendants' negligence. Accordingly, Plaintiff is entitled to the following damages:

   a. The nature, extent, duration, and permanency of her injuries and resulting surgeries;

   b. The full extent of the injuries she sustained;

   c. The expense of her medical care, treatment, and services received, including transportation, board, and lodging expenses and those expenses that are reasonably certain to be required in the future;

   d. Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future; and,

   e. The visible results of her injuries.

33. The injuries described herein have been suffered in the past and will be continuing in the future.

## VIII. DEMAND FOR JURY TRIAL

34. Plaintiff hereby demands a trial by jury.

## IX. DEMAND AND PRAYER

35. Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

36. Plaintiff demands judgment against Defendants for post judgment interest at the maximum rate allowed by law as well as for reasonable expenses, costs, and for all other proper relief to which she may be entitled.

Respectfully Submitted,


By:_____
Jake M. Logan (Ark. Bar No. 2016133)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:	(501) 868-2500
Telefax:	(501) 868-2505
jlogan@rainfirm.com